UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABIBULLAH MIRZAIE,<br><br>                      Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                      Respondents. | Case No.: 25-cv-02568-JO-KSC<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS** |

For the reasons stated on the record, the Court GRANTS the amended habeas petition. [Dkt. 25] The Court ORDERS as follows:

1. Respondents SHALL release Petitioner from custody.
2. Respondents SHALL NOT re-detain Petitioner during the pendency of his removal proceedings (until a final order of removal is issued) absent an individualized determination and written notice that (1) changed circumstances render him a security risk or risk of absconding; (2) the purposes of his parole have been served; or (3) humanitarian reasons and the public benefit no longer

1

warrant his presence in the United States. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e),

3. Respondents SHALL file advance notice on this docket if they seek to re-detain Petitioner during the pendency of his removal proceedings, explaining the grounds on which Respondents believe Petitioner should be re-detained. *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (recognizing the AWA empowers federal courts to impose affirmative obligations on parties or third parties where "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained"). Once that notice has been docketed, Petitioner SHALL NOT be detained for at least 48 hours from the time of docketing.

**IT IS SO ORDERED**.

Dated: January 15, 2026

_____
Honorable Jinsook Ohta
United States District Judge